**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                    :
MWALIMU BEKTEMBA,                   :
                                    :     Civil Action
            Plaintiff,              :     No. 05-2939 (SRC)
                                    :
        v.                          :
                                    :     **O P I N I O N**
JIM MCGREEVEY, et al.               :
                                    :
            Defendants.             :
_____:

    MWALIMU BEKTEMBA, #200648, Plaintiff Pro Se
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625-0861

**CHESLER, DISTRICT JUDGE**

    Plaintiff Mwalimu Becktemba ("Bektemba"), a prisoner confined at New Jersey State Prison in Trenton, New Jersey ("NJSP"), has submitted a Complaint purporting to raise claims under 42 U.S.C. § 1983. Plaintiff has paid the filing fee.

    Pursuant to 28 U.S.C. § 1915A, the Court has reviewed the Complaint to identify cognizable claims. The Court will dismiss the Complaint as against Defendant McGreevey, dismiss all damages claims as against Defendant Brown, permit the Complaint to proceed as against the remaining Defendants, and deny Plaintiff's motion for appointment of counsel at this time without prejudice.

## **I. BACKGROUND**

Plaintiff alleges violations of his rights secured by the Constitution and laws of the United States in an action brought under 42 U.S.C. § 1983.[1]  Defendants are James McGreevey, former Governor of New Jersey; Devon brown, Commissioner of the New Jersey Department of Corrections; Roy l. Hendricks, Administrator of N.J.S.P.; N.J.S.P. corrections officers Damore and Johnson; and John/Jane Doe Defendants.  (Compl., Caption and pp. 2-22.)

Plaintiff asserts the following facts: On June 26, 2004, he was housed in Unit 4c (North Compound) at N.J.S.P.  (Compl., ¶ 4.)  According to Plaintiff, 48 prisoners were housed in the Unit and were guarded by two corrections officers, one in a guard booth and one on the Unit floor.  (Id.)  Defendants Damore and Johnson were the corrections officers on duty that day.  (Id.)  As Plaintiff was cleaning the outside of his cell door, he was assaulted and stabbed by another inmate.  (Id.)  Plaintiff required 15 surgical staples and 20 stitches to close his back and neck wounds from the

---

[1]   42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

attack. (Id.)  Plaintiff asserts that Defendants Damore and Johnson failed to prevent the assault; specifically, they "failed to maintain a visual surveillance." (Id.)  This failure allegedly led to either of them not pressing an emergency alarm that would have summoned help in terminating the assault. (Id.)  In addition, the remaining defendants are said to have acted or failed to act with deliberate indifference to Plaintiff's safety in not providing adequate staffing at N.J.S.P., which Plaintiff alleges contributed to the slow response to the assault and his injuries.  (Id.)

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental entity or employee.  28 U.S.C. §§ 1915(e)(2)(B); 1915A.  The Act requires the Court to identify cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.  Id.

A.  <u>Standard for Dismissal</u>

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8 (a) (2); <u>accord</u> <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 168 (1993).  The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996) (citing <u>Holder v. Allentown</u>, 987 F.2d 188, 194 (3d Cir. 1993)); <u>Eli Lily & Co. v. Roussel Corp.</u>, 23 F. Supp.2d 460, 474 (D.N.J. 1998) (citing <u>Nami</u> and <u>Holder</u>).  "A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)).

A <u>pro se</u> complaint is held to less stringent standards than formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Then v. I.N.S.</u>, 58 F. Supp.2d 422, 429 (D.N.J. 1999), <u>aff'd sub nom.</u> <u>Then v. Quarantino</u>, 208 F.3d 206 (3d Cir. 2000).  "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in

favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

To establish a violation of 42 U.S.C. § 1983, the Plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 48-49 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d

5

Cir. 1994); Shaw v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Section 1983 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt, 451 U.S. at 537 n.3). Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior. Friedland v. Fauver, 6 F. Supp.2d. 292, 302-03 (D.N.J. 1998) (citing Baker v. Monroe Tp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995)). See also Nami, 82 F.3d at 67 (allegations that prison officials and Commissioner of Corrections were on actual notice of violations through letters written to them by inmates and failed to remedy the situation were

6

sufficient to state a claim under 42 U.S.C. § 1983); White v. Fauver, 19 F. Supp.2d 305, 319 (D.N.J. 1998) (complaint alleging that Commissioner was given notice of violations and failed to respond stated claim).

The Court will construe the Complaint as raising the claim of deliberate indifference to Plaintiff's safety by the failure to protect him from physical injury by another inmate, in violation of the Eighth Amendment. The Court will now analyze Plaintiff's claim to determine whether dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A is warranted.

B.   Failure to Protect

Plaintiff seeks both damages and that Defendants be ordered to immediately "curtail their further lack of maintaining constant surveillance of the prison housing units." (Compl., Conclusion.) As Plaintiff seeks to change the conditions of his present confinement through an Order of this Court, sovereign immunity does not bar his § 1983 action. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 n. 10 (injunctive relief is available under § 1983 against a state official in his or her official capacity); Kerns v. Dukes, 153 F.3d 96, 111 (3d Cir. 1998).

Plaintiff's factual recital raises a failure to protect claim in violation of the Eighth Amendment. Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including personal safety. Farmer v.

Brennan, 511 U.S. 825, 832 (1994). Prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners." Id. at 833 (internal quotations omitted). "Being violently assaulted in prison is simply 'not a part of the penalty that criminal offenders pay for their offenses against society.' " Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Negligence, or a lack of due care under the circumstances, is insufficient to support a cognizable failure to protect claim under § 1983. Davidson v. Cannon, 474 U.S. 344, 347 (1986).

In order to state a viable claim for a failure to protect a prisoner from harm, Plaintiff must show that he faced a pervasive risk of harm from other prisoners or guards and that the prison officials displayed deliberate indifference to this danger. See Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).

Plaintiff must first satisfy an objective requirement under the aforesaid standard by showing that he was "incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Plaintiff must then satisfy a subjective element and show that a prison official "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." (Id.) "[A]n Eighth Amendment claimant need not

8

show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842.  An inmate is not required to give advance notice to officials of the risk of harm, and actual knowledge of the risk can be inferred from circumstantial evidence of the obviousness of the risk.  Id.  In addition, "[a] pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror."  Riley, 777 F.2d at 147 (citation omitted).  See also Ingalls v. Florio, 968 F.Supp. 193, 199 (D.N.J. 1997).

A prison official or corrections officer, when faced with the knowledge of a substantial risk of serious harm to a prisoner, must take "reasonable measures to abate it" or his inaction will constitute deliberate indifference to that risk. Farmer, 511 U.S. at 847.  See also Alford v. Owen, 2005 WL 2033685, *6 (D.N.J. Aug. 23, 2005)

Plaintiff simply has not set forth facts sufficient to support a failure to protect claim with respect to Defendants McGreevey or Brown.  Cf. Taylor v. Plousis 101 F.Supp.2d 255, 269 (D.N.J. 2000)(no suggestion that any defendant knew the plaintiff would be at risk by placing him in contact with other inmates).  The Complaint fails to indicate that these Defendants

9

knew that Plaintiff would be assaulted and deliberately allowed the assault to occur, or allowed repeated attempts to continue. It cannot reasonably be inferred from the Complaint that either of these Defendants knew that Plaintiff faced an excessive risk of attack and nevertheless deliberately failed to act.[2]

Plaintiff obviously disagrees with these Defendants concerning their approach to the problem.  However, the Complaint identifies, at most, negligence in the provision of protection to the Plaintiff, which simply is not actionable under 42 U.S.C. § 1983.  See Farmer, 511 U.S. at 835; Davidson v. Cannon, 474 U.S. 344, 347-348 (1986).  Moreover, as Defendant McGreevey is no longer the Governor of New Jersey, and thus not able to comply with any order for injunctive relief, the Court will dismiss the Complaint as against him.  All claims for damages as against Defendant Brown also will be dismissed.[3]  With respect to the remaining Defendants and in view of the legal principles discussed above, this Court will permit the Complaint to proceed in order further to develop the facts in this matter.

Finally, Plaintiff's motion for appointment of counsel will be denied without prejudice at this time; should circumstances

---

[2] Supervisory Defendants may not be held liable under § 1983 based upon a respondeat superior theory. See Rode, 845 F.2d at 1207 (3d Cir. 1988).

[3] In view of the above discussion, if at any time during this litigation Defendant Brown no longer serves as Commissioner of the Department of Corrections, the Complaint will be dismissed in its entirety as against him.

warrant, the Court will not hesitate to appoint counsel in the future.  See Tabron v. Grace, 6 F.3d 147, 156 (3d cir. 1993); cert. denied, 510 U.S. 1196 (1994)(appointment of counsel may be made at any point in the litigation and may be made by the Court sua sponte).

### III. CONCLUSION

Based on the foregoing discussion, the Court will dismiss the Complaint as against Defendant McGreevey, dismiss all damages claims as against Defendant Brown, permit the Complaint to proceed as against the remaining Defendants, and deny Plaintiff's motion for appointment of counsel without prejudice.

An appropriate Order accompanies this Opinion.


                                    s/                    
                              **STANLEY R. CHESLER**
                              **UNITED STATES DISTRICT JUDGE**



**Dated:    September 19, 2005**