NOT FOR PUBLICATION [18]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
MWALIMU BEKTEMBA,                   :
                                    :   Civil Action No. 05-2939 (FLW)
        Plaintiff,                  :
                                    :   **OPINION**
        v.                          :
                                    :
JAMES MCGREEVEY, et al.,            :
                                    :
        Defendants.                 :
_____:

**WOLFSON, UNITED STATES DISTRICT JUDGE**

Plaintiff *pro se* Mwalimu Bektemba ("Plaintiff"), an inmate at New Jersey State Prison ("NJSP") in Trenton, New Jersey, has brought an action under 42 U.S.C. § 1983, alleging that Defendants James McGreevey, former Governor of New Jersey; Devon Brown, Commissioner of the Department of Corrections; Roy L. Hendricks, former administrator of NJSP; and NJSP Correctional Officers Johnson and D'Amore failed to protect him from physical injury by another inmate, in violation of the Eighth and Fourteenth Amendments. Defendants Johnson and D'Amore have filed a motion for summary judgment in lieu of an answer based upon Plaintiff's alleged failure to exhaust his administrative remedies, as well as other substantive grounds. For the reasons set forth below, the Court finds that Plaintiff failed to exhaust his administrative remedies and thus on that basis the other grounds for summary judgment are not addressed.

**I.      BACKGROUND**

Plaintiff is an inmate currently incarcerated at NJSP, serving a life sentence. Smith Aff., Ex. A. On June 26, 2004, Plaintiff was a prisoner in Unit 4C of NJSP. Johnson Aff. ¶¶ 3, 4. According to Officer Johnson, who was on duty that day in the control booth of Unit 4C, he saw, from the control booth, Plaintiff and Inmate Malcolm Jefferson physically fighting, and sounded a Code 33 emergency call. Johnson Aff. ¶ 4. According to Officer D'Amore, who was assigned as floor officer in Unit 4C that day, he responded to the Code 33 and attempted to stop Plaintiff and Inmate Jefferson from fighting. D'Amore Aff. ¶ 3-7. Plaintiff was stabbed at some point during the altercation, and was treated for his wounds in the NJSP clinic and also at St. Francis Medical Center in Trenton, New Jersey. Smith Aff., Ex. D.

On June 9, 2005, the Clerk of the Court received Plaintiff's Complaint alleging that Defendants failed to protect him from physical injury by another inmate, in violation of the Eighth and Fourteenth Amendments. In the Complaint, Plaintiff seeks $150,000 in compensatory and punitive damages from each defendant pursuant to 42 U.S.C. § 1983. On September 20, 2005, the Honorable Stanley Chesler, U.S.D.J., dismissed all claims against Defendant McGreevey and all damages claims against Defendant Brown, and the Complaint was officially filed on October 5, 2005. On September 20, 2005, Judge Chesler also denied Plaintiff's motion for appointment of counsel without prejudice. Defendants Johnson and D'Amore filed a motion for summary judgment in lieu of an answer on July 21, 2006, alleging that (1) Plaintiff's Complaint is barred by the Prison Litigation Reform Act because Plaintiff failed to exhaust his administrative remedies, (2) Defendants Johnson and D'Amore are entitled to summary judgment because they did not act with the deliberate indifference required for a violation of the Eighth Amendment, and (3) Defendants Johnson and D'Amore are entitled to

summary judgment based on qualified immunity. Plaintiff filed his opposition on September 29, 2006, but failed to address in his opposition whether he had exhausted his administrative remedies.

## II.   DISCUSSION

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A genuine issue of material fact is one that will permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To show that a genuine issue of material fact exists, the nonmoving party may not rest upon mere allegations, but must present actual evidence in support thereof. Id. at 249 (citing First Nat'l Bank of Arizona v. Cities Svc. Co., 391 U.S. 253, 290 (1968)). In evaluating the evidence, the Court must view evidence and draw inferences "in the light most favorable to the party opposing the motion." Waldorf v. Shuta, 896 F.2d 723, 728 (3d Cir. 1990) (quoting Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976)).

Defendant argues that Plaintiff's constitutional claim is barred because he failed to exhaust the administrative remedies available to him at NJSP before instituting this action. The Prison Litigation Reform Act of 1996 ("PLRA") requires that a prisoner asserting claims under 42 U.S.C. § 1983 first exhaust all administrative remedies available to him. See 42 U.S.C. § 1997e(a). Specifically, Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of administrative remedies is mandatory, regardless of any

limitations on the kind of relief available through the grievance process.  Woodford v. Ngo, 126 S.Ct. 2378, 2382-83 (2006) (citing Booth v. Churner, 532 U.S. 731, 734, 739 (2001)).  In addition, "exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983."  Woodford, 126 S.Ct. at 2383 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)).

      The Third Circuit has held that the exhaustion requirement in the PLRA applies to a grievance procedure set forth in an inmate handbook not formally adopted by a state administrative agency.  Concepcion v. Morton, 306 F.3d 1347, 1348-49 (3d Cir. 2002).  The NJSP Inmate Handbook ("NJSP Handbook") extensively details the Administrative Remedy procedure, including how to acquire, fill out, and submit an Administrative Remedy Form ("ARF").  Smith Aff., Ex. B.  The NJSP Handbook also states that "[t]he administrative remedy process should be considered the final step in resolving grievances, problems or concerns within the Institution *before* applying to the courts."  Id. (emphasis added).  After a prisoner submits a properly completed ARF, he will receive a response within thirty working days of the date the ARF is forwarded to the appropriate supervisor.  Smith Aff. ¶ 4.  The prisoner may file an appeal to the administrator within ten working days of the response to the ARF, and a decision on the appeal will be rendered within ten working days of the filing of the appeal.  Id. ¶ 6.

      In the instant matter, Defendants contend that Plaintiff did not file an ARF regarding his June 26, 2004 fight with Inmate Jefferson.  In support of their motion, Defendants submit the affidavit of Brenda A. Smith, an executive assistant at NJSP, who states that she conducted a search of all grievance forms submitted by Plaintiff and that her search showed that Plaintiff did not submit an ARF concerning his June 26, 2004 fight with Inmate Jefferson.  Smith Aff. ¶ 7.

Ms. Smith's search also showed that Plaintiff did not submit an ARF prior to the June 26, 2004 fight expressing fear for his safety due to Inmate Jefferson or any other inmate. Id. ¶ 8. Because Plaintiff makes no mention in his opposition of whether he exhausted his administrative remedies, and does not in any manner address Defendants' factual representations, the Court will consider this argument unopposed. The Court therefore finds that there is no genuine issue of material fact as to whether Plaintiff submitted an ARF regarding either his June 26, 2004 fight with Inmate Jefferson or a fear for his safety, prior to the June 26, 2004 fight, due to Inmate Jefferson or any other inmate. Because Plaintiff failed to submit an ARF regarding the June 26, 2004 fight or fear for his safety due to Inmate Jefferson or other inmates prior to the fight, he has failed to exhaust all administrative remedies before filing this action with this Court. See Concepcion, 306 F.3d at 1348-49. Accordingly, his claims cannot be considered by this Court and thus, the merits of Plaintiff's claims, which are also the subject of Defendants' motion, may not be considered.

### III.   CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment based upon Plaintiff's failure to exhaust administrative remedies is granted.

/s/ Freda L. Wolfson

The Honorable Freda L. Wolfson
United States District Judge

Date:   January 22, 2007